UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:

Calamity M. Johnson,

  Debtor.
_____/

Chapter 13

Case Number 19-43854

Hon. Mark A. Randon

**OPINION AND ORDER APPROVING COUNSEL'S
FIRST APPLICATION FOR COMPENSATION**

**I. INTRODUCTION**

Calamity Johnson retained Sweeney Law Offices, P.L.L.C. ("Sweeney") to file a Chapter 13 bankruptcy. The case was dismissed before a plan of reorganization was confirmed. Three weeks later, Ardelean & Dunne, PLLC filed Debtor's pending Chapter 13.

The Chapter 13 Trustee is holding $13,117.88 from Debtor's first case and faces competing demands for the money: Sweeney–which has not been paid for its work on Debtor's first case–seeks approval of its $7,655.67 fee application; The Hartford, a general unsecured creditor, objects to Sweeney's fee application and asserts entitlement to all of the money pursuant to a pre-petition garnishment.[1] Hartford served the garnishment

---

[1] The Hartford also argues that the Court lacks jurisdiction to rule on the fee application because Debtor's first case has been dismissed. The Court disagrees. Notwithstanding the dismissal, the Court retains jurisdiction to adjudicate issues related to compensation of professionals. *Dery v. Cumberland Cas. & Sur. Co. (In re 5900 Associates, Inc.)*, 468 F.3d 326, 330-31 (6th Cir. 2006).

on the Trustee after the dismissal of the first case and eight days before Debtor's pending case was filed.

Because: (1) the Bankruptcy Code requires payment of Sweeney's reasonable fee application, as an allowed administrative expense; (2) the remaining funds are property of Debtor's pending bankruptcy estate and subject to the automatic stay; and (3) Hartford has not obtained relief from the stay, the Court **APPROVES** Sweeney's fee application and **OVERRULES** Hartford's objections.  The Court does not decide whether the Chapter 13 Trustee is subject to an otherwise valid garnishment.

## II. BACKGROUND

Debtor was involved in an injury-causing automobile accident as an uninsured motorist.  On July 26, 2017, Hartford obtained a $120,651.57 default judgment against Debtor.  Hartford was garnishing twenty-five percent of Debtor's wages at the time Sweeney filed her first Chapter 13 bankruptcy; it released the garnishment after the petition was filed.

Debtor's first bankruptcy case was dismissed ten months later, on January 23, 2020.  The next day, Hartford filed a request for a writ of garnishment, seeking to recover $13,117.88 that the Trustee was holding in pre-confirmation payments.  The Oakland County Circuit Court issued the writ, and Hartford served it on the Chapter 13 Trustee on February 6, 2020.  Sweeney filed its fee application on February 7, 2020.

Debtor's pending Chapter 13 was filed on February 14, 2020; the automatic stay has been extended for the duration of the case. Hartford has filed a $118,340.55 proof of claim.[2]

## III. ANALYSIS

### A. *The Trustee is Required to Pay the Allowed Administrative Expense Claim*

The moment Debtor filed her first bankruptcy petition, the automatic stay prohibited Hartford from continuing to garnish Debtor's wages. 11 U.S.C. § 362(a). But after the case was dismissed, the stay terminated, and the Trustee-held funds were no longer property of the estate. 11 U.S.C. § 362(c); *Rice v. Ables (In re Price)*, 484 B.R. 870, 873 (Bankr. E.D. Ark. 2013). Because Debtor's case was dismissed before a plan was confirmed, the Bankruptcy Code directs the Trustee to "return any . . . payments not previously paid and not yet due and owing to creditors . . . to the debtor *after deducting any unpaid claim allowed under section 503(b)*." 11 U.S.C. § 1326(a)(2) (emphasis added). "[I]f the Chapter 13 Trustee holds funds that must first be used to satisfy [an] administrative expense claim, those funds are not [Debtor's] property." *In re Cooper*, No. 17-49077, 2018 WL 3202996, at *4 (Bankr. E.D. Mich. June 28, 2018). A Chapter 13 debtor's attorney fee is a permissible section 503(b) administrative expense. 11 U.S.C. § 503(b)(2); 11 U.S.C. § 330(a)(4)(B).

---

[2]Debtor's Chapter 13 Plan proposes to pay general unsecured creditors a minimum dividend of $25,713.62. Hartford will receive its pro-rata share of this dividend if Debtor completes her plan payments.

The Court utilizes the lodestar method to determine whether Sweeney's fee application is reasonable and, thus, an allowed administrative expense.[3] *In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991) ("The Supreme Court has made it clear that the lodestar method of fee calculation is the method by which federal courts should determine reasonable attorney's fees under federal statutes which provide for such fees."). Under the lodestar method, the fee is computed by taking "'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *B & G Mining, Inc. v. Office of Workers' Comp. Programs*, 522 F.3d 657, 661 (6th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Hartford does not contest counsel's hourly rate. It does, however, argue that: (1) counsel's efforts were futile because the case was pending almost one year, but no plan was confirmed; (2) Debtor has re-filed with new counsel, which means there was duplication of effort; and (3) counsel spent an unreasonable amount of time getting Hartford to return the garnished funds because, in August of 2019, it stipulated to return the funds upon confirmation of a feasible plan.

After reviewing the Statement For Legal Services Rendered, the Court finds Sweeney spent a reasonable number of hours on the litigation. It is not uncommon for a case to be dismissed pre-confirmation, after counsel expends a significant amount of time "working it up," as was the case here. It also does not appear that Sweeney's conduct or inaction caused the dismissal. Nor is it uncommon for an individual to retain new

---

[3]The Trustee does not object to Sweeney's fee application.

-4-

counsel–to obtain a fresh strategic approach or seek a better attorney-client relationship–after the dismissal of a case. Finally, counsel's efforts at getting Hartford to return the garnished funds effectively ceased after August of 2019.[4]

The Court finds Sweeney has an allowed administrative expense claim in the amount of $7,655.67 that must be paid from the funds on hand.

> B. **The Remaining Funds on Hand are Property of Debtor's Pending Bankruptcy Estate**

Absent Hartford's intervening garnishment, the remaining funds would be returned to Debtor. 11 U.S.C. § 1326(a)(2). But the Trustee insists she is not subject to an otherwise valid garnishment. There is a split of authority on the issue. *In re Martinez*, No. 13-12642-BKC-LMI, 2015 WL 4874940, at **3-4 (Bankr. S.D. Fla. July 22, 2015). Hartford cites cases holding that a creditor can garnish funds from a Chapter 13 Trustee before they are returned to a debtor. *See Brickell v. Dunn (In re Brickell)*, 142 F. App'x 385, 389 (11th Cir. 2005) ("[t]here is nothing in either the Code or the Rules . . . which prohibits garnishment of the trustee"); *In re Martinez*, 2015 WL 4874940, at *4:

> [w]hile section 1326(a)(2) unambiguously directs the Trustee to return funds to the Debtor once the case is dismissed, in situations like these, where the Trustee has not yet made any distributions to the Debtor and the Creditor is seeking further remedy available under state law, section 1326(a)(2) does not shield the Trustee from garnishment.

*In re Schlapper*, 195 B.R. 805, 806 (Bankr. M.D. Fla. 1996):

---

[4]After August of 2019, the time entries related to the garnishment were necessary based on Hartford's refusal to return the funds. No time entry mentions garnishment after October 4, 2019.

> once the order of dismissal is entered, and the stay has been lifted, and the Trustee has been ordered to turn over funds to the Debtor, she becomes a debtor of the Debtor to that extent. The funds held by the Trustee are subject to levy or garnishment by creditors of the Debtor, pursuant to applicable law. The Trustee is bound to accept the levy if she has any money that belongs to the Debtor.

*In re Price*, 484 B.R. at 873 ("if a plan has not been confirmed and the case is dismissed, a Chapter 13 Trustee is subject to a properly issued writ of garnishment or levy by a judgment creditor or taxing entity, either state or federal"); *In re Cohen*, No. 2:14-bk-11079-DPC, 2016 WL 797656, at *5 (Bankr. D. Az. Feb. 29, 2016) (finding that section 1326(a)(2) does not prevent a levy from attaching to funds in the Trustee's possession at the time of dismissal).

Other courts have held that Chapter 13 Trustees are exempt from garnishment. *See e.g.*, *In re Inyamah*, 378 B.R. 183, 185 (Bankr. S.D. Ohio 2007) (holding that section 1326(a)(2) "clearly provides that the funds, minus adequate protection payments and administrative claims, should be returned to debtors [notwithstanding a pending garnishment on the Chapter 13 trustee]"); *In re Bailey*, 330 B.R. 775, 776-77 (Bankr. D. Or. 2005) (same).

The rationale for allowing a post-dismissal trustee garnishment is that once the automatic stay has terminated and the case is over, the trustee stands no different from any other garnishee. But here, Debtor filed the pending Chapter 13, and the Court has extended the automatic stay for the duration of the case. As such, if Debtor retained an interest in the remaining funds on the petition date, they are property of the pending

-6-

19-43854-mar    Doc 55    Filed 04/22/20    Entered 04/22/20 13:48:20    Page 6 of 8

bankruptcy estate–protected from garnishment. *See In re Cooper*, 2018 WL 3202996, at *4 (funds on hand that are not used to pay administrative expense claims are property of the new bankruptcy estate); *see also In re Manuel*, No. 14-53487, 2014 WL 7405471, at *3 (Bankr. E.D. Mich. Dec. 24, 2014) (finding creditors violate the automatic stay by accepting funds post-petition under a pre-petition garnishment).

In Michigan, a debtor has 14 days after service of the garnishment to file an objection. Mich. Ct. R. 3.101(E)(5). During this 14-day objection period, a debtor undoubtedly retains an interest in the withheld funds. *In re Newberry*, 604 B.R. 37, 42 (Bankr. E.D. Mich. 2019) (finding debtor did not lose all legal or equitable rights in a tax refund–and it was property of the bankruptcy estate–even *after* the expiration of the 14-day objection period); *see also Johnson v. Cach, LLC (In re Johnson)*, No. 10-12873, 2011 WL 7637217, at *3 (E.D. Mich. June 14, 2011) (finding debtor lost all legal interest in her tax refund once the objection period expired). Because Debtor filed the pending Chapter 13 within the garnishment-objection period, the remaining funds are property of the pending bankruptcy estate, subject to the automatic stay. Hartford has not sought relief from the stay. Therefore, the Court need not decide whether the Trustee is subject to an otherwise valid garnishment at this juncture. *See In re Schlapper*, 195 B.R. at 805 (granting the IRS relief from the stay before ruling on whether trustee-held funds were subject to levy or garnishment).[5]

---

[5] Hartford cites *In re Fischer* in which the debtor filed a Chapter 13 bankruptcy. After the case was dismissed–and before the case was converted to Chapter 7–a creditor received a

-7-

19-43854-mar    Doc 55    Filed 04/22/20    Entered 04/22/20 13:48:20    Page 7 of 8

## IV. CONCLUSION

For the reasons indicated above, Sweeney's fee application is **APPROVED**; Hartford's objections are **OVERRULED**.

The Trustee is directed to pay Sweeney $7,655.67 out of the funds on hand. The remaining $5,462.21 must be transferred to Debtor's pending case pursuant to the stipulation entered in that case.

**IT IS ORDERED**.

**Signed on April 22, 2020**



/s/ Mark A. Randon

**Mark A. Randon**
**United States Bankruptcy Judge**

---

writ of garnishment and served it on the Chapter 13 Trustee. *In re Fischer*, 432 B.R. 863, 864 (Bankr. M.D. Fla. 2010). The court allowed the garnishment, finding that "[i]f a diligent creditor's attorney serves a writ of garnishment on the trustee between dismissal and the time it takes for the trustee to administer the estate and return any leftover funds to the debtor, the creditor should be allowed to garnish such funds." *Id.* at 865-66. However, the court failed to address the effect of the automatic stay, in the Chapter 7 case, on the garnishment.